PER CURIAM.
| denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
| ATTACHMENT
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA
NO. 10-1042
DIVISION “I”
STATE OF LOUISIANA VERSUS DEAIREN WILLIAMS
FILED: 1-13-2015
/s/ [illegible)
/s/ DEPUTY CLERK

ORDER

This matter comes before the court on the petitioner’s APPLICATION FOR POST-CONVICTION_RELIEF, STAMPED AS FILED SEPTEMBER 3, 2014, AND THE STATE’S RESPONSE, STAMPED AS FILED DECEMBER 14, 2014.
The petitioner was convicted by jury of two armed robberies and one attempted armed robbery. He was sentenced to fifty years on each armed robbery and to 25 years on the attempted armed robbery. Petitioner’s conviction and sentence were affirmed on direct appeal. State v. Williams, 12-0687 (La.App. 5 Cir. 5/16/13), 119 So.3d 228, writ denied, 13-1335 (La.12/02/13), 126 So.3d 500.
Issues
In a timely application, the petitioner now seeks post-conviction relief, raising the following claims:
*434 1. ■ Counsel was ineffective for failure to investigate, interview, and subpoena critical evidence, if properly present before the jury, the outcome would have provided an acquittal,
2. Counsel was ineffective for failure to adequately present the defense of actual innocence during trial, whereas, Petitioner is actually innocent of the charged offense,
3. Counsel was ineffective for failure to file his pre-trial motion for severance of offenses to obtain a ruling determining whether trying the defendant separate on all counts, whereas, the failure to separate the offenses and trying them separate, allowed the defendant to be prejudiced,
4. The trial counsel was ineffective in failing to file a motion to reconsider sentence on the basis that the trial judge did not articulate a basis for the sentence pursuant to LSA-C.Cr.P. art. 894.1
5. The petitioner is entitled to, an evi-dentiary hearing to address his ineffective assistance of counsel claims.
Analysis
The state presents no procedural objections and files a response on the merits. The court will turn to the individual claims raised. In so doing, the court is mindful that the burden of proof in post-conviction proceedings is entirely on the petitioner. LSA-C.Cr.P. art. 930.2.
At the outset, the court notes that the petitioner’s second claim, that of actual innocence, does not present a claim for relief, in this collateral attack on a jury’s verdict. • Louisiana law has not recognized that free-standing post-conviction claims of actual innocence not based upon DNA are legally viable. The Louisiana Supreme Court held in State v. Pierre, 2013-873 (La.10/15/13), 125 So.3d 403, 407:
Although this Court declined to hold that such claims are, in fact, cognizable in collateral attacks on final convictions, a question also left Lopen in federal habeas proceedings by the United States Supreme Court in Herrera v. Collins, 506 U.S. 390, 417, 113 S.Ct. 853, 869, 122 L.Ed.2d 203 (1993), we observed that such claims must necessarily involve “new, material, noncumulative and conclusive’evidence which meets an extraordinarily high standard, and which undermine[s] the prosecution’s entire case.” [State v.] Conway, 01-2808 [p.] at 1, (2001-2808 La. 4/12/02), 816 So.2d [290] at 291,
The petitioner has not presented or argued “new, material, noncumulative and conclusive evidence.” This claim is unsupported by evidence or law. The claim also misstates defense counsel’s duty: the burden of proof in a trial is not on the defense, thus counsel has no affirmative duty to present a claim of actual innocence. The court will deny a claim of actual innocence but will carefully address the claims relating to the effective assistance of trial counsel.
The remainder of petitioner’s claims (1, 3, and 4) relate to the constitutional right to effective assistance of counsel at trial. It is fundamental that criminal defendants have a constitutional right to effective legal counsel. Under the well-known standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La.1986), a conviction must be reversed if the defendant proves (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel’s inadequate performance prejudiced *435 defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Legrand, 2002-1462 (La.12/3/03), 864 So.2d 89.
To be successful in arguing a claim of ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of. the trial cannot be trusted. It is absolutely essential that both prongs of the Strickland test must be established before relief will be granted by a reviewing court.
Furthermore, there is a strong presumption that counsel’s performance is within the wide range of effective representation. ' Effective counsel, however, does not mean errorless counsel and the reviewing court does not judge counsel’s performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. State v. Soler, 93-1042 (La.App. 6 Cir. 4/26/94), 636 So.2d 1069, 1075.
Mindful of controlling federal and state jurisprudence, this court now turns to the specific claims of ineffective assistance made in the instant application and argued in the petitioner’s memorandum in support.
Regarding Petitioner’s Claim One (Counsel was ineffective for failure to investigate, interview, and subpoena critical evidence, if properly present before the jury, the outcome would- have provided an acquittal), the court finds that the petitioner has not met his burden of proof. He has failed to establish both deficient, performance or prejudice for his contentions.
The petitioner’s claim that his trial attorney failed to subpoena DNA samples is unsupported by the record. Factually, the record demonstrates that no DNA samples were taken from the petitioner. (Tr, p. 903, lines 19-32.)
The petitioner’s claim that counsel was ineffective for failure to subpoena the 911 tapes and the underlying factual contention that the tapes would reveal the victim could not make a positive identification, does not provide a basis for relief. The non-specific identifications of the robbers was considered by the jury and by the court of appeal.- The Fifth Circuit noted, “Although all three victims could not positively identify defendant, we find the state presented sufficient evidence to link defendant to the crime's charged.” Williams at 119 So.3d at 235.
Regarding Petitioner’s Claim ■ Two (Counsel was ineffective for failure to file his pre-trial motion for severance of offenses to obtain- a ruling determining whether trying the defendant separaté on all counts, whereas, the failure to separate the offenses and trying- them separate, allowed the defendant to be prejudiced), ,he does not establish a sufficient basis for post-conviction relief.' The law allows criminal charges to be tried together in certain' circumstances, including those, of this situation. “Offenses that are of the same or similar character or are "based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan can be joined, provided the offenses are triable by the same mode of trial.” LSAC.Cr.P. art. 493.
| ¡/There is an abundance of jurisprudence, including cases cited by the state in its response, that robberies committed in the same area, in the same span of time, and similar in nature, may be tried together. The choice of which pre-trial motions *436 to file is a matter of trial strategy and furthermore, counsel is not required to engage in futility. State v. Pendelton, 96-0367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, 156.
Regarding Petitioner’s Claim Four (The trial counsel was ineffective in failing to file a motion to reconsider sentence on the basis that the trial judge did not articulate a basis for the sentence pursuant to LSA-C.Cr.P. art. 894.1), he is not entitled to post-conviction relief.
In this case, the petitioner was convicted of two armed robberies and one attempted armed robbery, all involving firearms. The petitioner’s sentence was enhanced under LSA-C.Cr.P. art. 529.1 due to a previous conviction and he was sentenced to fifty years. As the state points out, the minimum sentence was 49.5 years, thus the sentence imposed is at the very bottom of possible legal sentences for a crime of this magnitude. The court at sentencing noted the seriousness of the crimes, specifically, that one of the victim’s believed his daughter would receive a call that both her parents had been killed.
The petitioner fails to demonstrate that, in this case involving two armed robberies and one attempted armed robbery, had defense counsel filed a motion to reconsider sentence, the trial court would have imposed a sentence less than fifty years at hard labor.
Regarding Petitioner’s Claim Five (The petitioner is entitled to an evidentiary hearing to address his ineffective assistance of counsel claims), the court finds that the claim is not a basis for relief but is in fact a request for an evidentiary hearing on the ineffective assistance claims of his first four claims. The court will deny an evidentiary hearing, for the reasons to be stated in addressing the separate claims.
Conclusion
The petitioner was tried and found guilty by jury. His convictions and sentences were reviewed and upheld on direct appeal. The petitioner’s challenge to his attorney’s representation fails to establish a deficient performance or an unfair trial with an unreliable result. In this application for post-conviction relief, he has failed to bear his burden of proof.
Accordingly,
IT IS ORDERED BY THE COURT that the petitioner’s application for post-conviction relief be and is hereby DENIED.
Gretna, Louisiana, this 13 day of January, 2015.
/s/ Nancy A. Miller
JUDGE
PLEASE SERVE:
PRISONER: Deairen Williams, DOC # 558033, Dixon Correctional Center, P.O. Box 788, Hwy 68, Jackson, LA 70748
STATE: Jefferson Parish District Attorney, Paul Connick, Terry Boudreux, Matthew Caplan, 200 Derbigny St., Gretna, LA 70058